'Judge Buckner,
delivered the opinion oftbe court.
A bill in chancery was filed by William Hays, against William R. Payne, praying for a decree against him, for the amount of a replevin bond, which he alleges, had been executed to him, by one John May’s, as principal, and the plaintiff in error, as his surety: and had been lost together with the execution j under which it bad been taken by the sheriff of Warren county’, to whom said execution had been directed.
Payne answered, that he had no recollection of having sighed or executed such a bond. Not admitting therefore, its execution, he puts Hays upon the proof of it. To guard himself however, against the consequences of a decree, should one be entered against him, he filed an amendment to his answer, by which he made the administrator of said Mays, a defendant to it, as a cross bill, praying for a decree against the administrator, to the amount, that he might be compelled to pay, should a decree go against hiim
The circuit court decreed, that Payné should pay to the defendant in error, the whole amount of the replev-in bond, with accruing interest and costs; and the administrator having failed to apswer a decree against him, was made in favor of Payn'e.
To reverse the decree against himself, Payne pros* ’ecutes this writ of error.
The deposition of the sheriff who it was ’alleged, had taken the replevin bond, was the 'only one read, on the trial, to the reading of which, one objection was made by Payne, and overrided by’ thd court. It is unnecessary however, to notice that, br to determine whether the execution of su'ch a bond by Payne, is sufficiently éstablished by’ the ps oof, to authorize the decree agaihst him.
The sheriff had no recollection, that such a Bond had been executed; but believed from a memorandum, In his hand writing, then in his possession, that he had taken a replevin bond, for the amount named in the bill *177 ih favor of the defendant in error, from said Mays, as principal, and said Payne, and one Stewart as sureties; which, together with the execution, by virtue of which he had taken it, he had put into the post, office, to be forwarded to the office of the cleik, from which said execution had issued.
Bill to set Up and obtain decree for amount oflost replevin bond against a surety therein; the principal and co-surety are necessdry parties.
Crittenden, for plaintiff!
But had the proof been entirely satisfactory, the ad' ministrator of Mays and Stewart were necessary par ties, and the circuit court erred in refusing to compel Hays to make them defendants to his bill, and in decreeing against Payne.
The decree of the circuit court must be reversed with costs, and the cause remanded, for further proceedings to be had not'inconsistent with this opinion.
Note. Judge Underwood did not sit in this case.